Steven W. Thomas (State Bar No. 168967)
Emily Alexander (State Bar No. 220595)
Mark Forrester (State Bar No. 208097)
Stephen Sorensen (State Bar No. 199408)
THOMAS, ALEXANDER, FORRESTER
& SORENSEN LLP
14 27th Avenue
Venice, California 90291
Tel.: (310) 961-2536
Fax: (310) 526-6852

Attorneys for Plaintiffs
SOLARMORE MANAGEMENT SERVICES,
INC., a California corporation

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLARMORE MANAGEMENT SERVICES, INC., a California Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>NIXON PEABODY LLP, a New York limited liability partnership; FORREST MILDER,<br><br>    Defendants. | CASE NO. 2:20-cv-02446-TLN-DB<br><br>**JOINT STATUS REPORT**<br><br>Judge:   Hon. Troy L. Nunley<br>Date Filed:   December 10, 2020<br>Trial Date:   Not yet set |

Pursuant to this Court's December 17, 2020, Order Requiring Service of Process and Joint Status Report [ECF 31], and the March 25, 2022, Minute Order [ECF 54], the Parties hereby submit this Joint Status Report.

a. **Nature of the Case**

   **Plaintiff's Statement**

   Plaintiff Solarmore Management Services, Inc. ("Solarmore") seeks damages from Defendants Nixon Peabody LLP and Forrest Milder (collectively, "Nixon Peabody") stemming from their role in furthering one of the largest frauds in the Eastern District of California's history. Solarmore was the managing member of numerous Solar Eclipse Investment Fund LLC's ("Funds")

which purchased Mobile Solar Generators ("MSGs") from DC Solar Solutions (collectively with DC Solar Distribution "DC Solar"). The Funds then leased the MSGs to DC Solar Distribution, who in turn was supposed to sublease the MSGs to third-party end users. In fact, there was virtually no third-party end user market for the MSGs and virtually no sublease revenue. The transactions were a sham.

The IRS made these exact findings in a 2016 written report that Nixon Peabody received which stated: (1) DC Solar was a "sham"; (2) DC Solar was round-tripping money between related DC Solar entities to hide the fact that there was no MSG leasing revenue; and (3) the MSGs being valued at $150,000 were actually worth $13,000.

Far from engaging in a "narrow role" of only drafting tax opinions as Nixon Peabody originally described below, Nixon Peabody actually prepared and sent to the IRS DC Solar's response to the IRS's findings of fraud as DC Solar's "attorney in fact." Still further, in 2016 and again in 2017, criminal Ron Roach directly informed Nixon Peabody, with supporting documents, that there was virtually no sublease revenue and that DC Solar Solutions was roundtripping money to Distribution to create the illusion of sublease revenue. Again, this is exactly what the IRS found and exactly what the FBI would eventually uncover. Nixon's response was to continue to direct DC Solar deals, issue clean tax opinions, and to continue to collect fees, ultimately inducing hundreds of millions of dollars investment into the fraudulent scheme.

Moreover, it was Nixon Peabody who advised DC Solar to use an entity like Solarmore as the managing member of the Funds.

Nixon Peabody was on all sides of the DC Solar transactions, serving as counsel to DC Solar, Solarmore, and the Funds. Despite this, Nixon Peabody did not have an engagement letter with any of the parties. Nor did Nixon Peabody obtain a single conflict waiver. Solarmore has asserted claims against Nixon Peabody for Breach of Fiduciary Duty, Breach of Contract, Unjust Enrichment, Negligent Misrepresentation and Legal Malpractice.

**Defendants' Statement**

This case arises out of a massive Ponzi scheme perpetrated by Jeff Carpoff and his company, DC Solar. In 2010, Carpoff founded DC Solar to sell tax-advantaged investments in a solar energy product called "mobile solar generators." To facilitate the investments, Carpoff created Solarmore

Management Services, Inc. ("Solarmore")—the original Plaintiff in this case—to act as the managing member for funds that invested in the generators ("Funds"). Defendants Nixon Peabody LLP and Forrest David Milder (collectively "Nixon") had a narrow role with respect to those investments: Nixon drafted tax opinions concerning the availability of tax credits to investors. Carpoff, DC Solar, and Solarmore concealed their wrongdoing from Nixon, just as they did from the investors. Nixon did not do any factual due diligence concerning the transactions and its tax opinions explicitly disclaim any obligation to conduct such diligence. Jeff Carpoff has now been sentenced to thirty years in prison for his fraud. Nonetheless, on August 26, 2020, Carpoff's company, Solarmore, brought this malpractice action against Nixon seeking compensation for lost profits from the fraudulent transactions *it facilitated*.

On February 3, 2022, Solarmore Management Services, Inc. "assigned all of its claims in this litigation and/or the proceeds derived from such claims" to forty of the Funds and investors in the Funds (collectively "Assignees").[1] *See* ECF 52. Simultaneously, those Assignees are pursuing a parallel state action against Nixon in Los Angeles Superior Court that is in discovery. Nixon has moved to dismiss the present action, because (1) Solarmore's assignment of these claims is barred under California law; (2) Solarmore lacks standing to sue for lost profits that would have accrued to the Funds alone; and (3) the Complaint fails to plead facts giving rise to any plausible claim. That motion remains pending.

---

[1] The assignees are Solar Eclipse Investment Fund VII, LLC; Solar Eclipse Investment Fund VIII, LLC; Solar Eclipse Investment Fund XIV, LLC; Solar Eclipse Investment Fund XXVII; Solar Eclipse Investment Fund XXXII, LLC; Solar Eclipse Investment Fund XXXV, LLC; Solar Eclipse Investment Fund III, LLC; Solar Eclipse Investment Fund IV, LLC; Solar Eclipse Investment Fund V, LLC; Solar Eclipse Investment Fund VI, LLC; Solar Eclipse Investment Fund X, LLC; Solar Eclipse Investment Fund XI, LLC; Solar Eclipse Investment Fund XII, LLC; Solar Eclipse Investment Fund XV, LLC; Solar Eclipse Investment Fund XVI, LLC; Solar Eclipse Investment Fund XVII, LLC; Solar Eclipse Investment Fund XVIII, LLC; Solar Eclipse Investment Fund XIX, LLC; Solar Eclipse Investment Fund XXI, LLC; Solar Eclipse Investment Fund XXII, LLC; Solar Eclipse Investment Fund XXIII, LLC; Solar Eclipse Investment Fund XXIV, LLC; Solar Eclipse Investment Fund XXVI, LLC; Solar Eclipse Investment Fund XXVIII, LLC; Solar Eclipse Investment Fund XXIX, LLC; Solar Eclipse Investment Fund XXX, LLC; Solar Eclipse Investment Fund XXXI, LLC; Solar Eclipse Investment Fund XXXIII, LLC; and Solar Eclipse Investment Fund XXXIV, LLC; Neil Luria, the court-appointed receiver for certain of the Funds; GEICO Corporation; Progressive Casualty Insurance Company; The Sherwin-Williams Company; People's United Bank, N.A.; People's United Financial, Inc.; DV VNB Community Renewables Fund LLC; DV VNB Community Renewables Fund III LLC; Pardee Solar 1 LLC; East West Bank; East West Bancorp, Inc.; and ADHI-Solar LLC.

b.  **Progress in the Service of Process**

All Defendants were served on 10/5/2020, per Defendants signed Notice and Acknowledgement of Receipt. [ECF 3]

c.  **Possible Joinder of Additional Parties**

**Plaintiff's position:** Plaintiff is not considering joining any additional parties at this time.

**Defendants' position**: Defendants do not anticipate joining additional parties at this time.

d.  **Any Expected or Desired Amendment of Pleadings**

**Plaintiff's position:** Plaintiff does not anticipate amending the pleadings at this time.

**Defendants' position:** This case was filed two years ago, on August 26, 2020. In light of the substantial delay in prosecuting these claims and the irremediable defects with the Complaint, Defendants believe that Plaintiffs should not be permitted to amend the Complaint.

e.  **Jurisdiction and Venue**

**Plaintiff's position:** Plaintiff does not dispute that this court has jurisdiction or that it is the proper venue.

**Defendants' position**: Defendants contend that the Court lacks subject-matter jurisdiction to adjudicate these claims because Assignees lack standing for the reasons described in Defendants' pending motion to dismiss. Defendants do not challenge venue.

f.  **Anticipated Motions and the Scheduling of Motions**

**Plaintiff's position**: Defendants' Motion to Dismiss, filed on May 20, 2022, is pending before this Court.

**Defendants' position**: In the event that any claim survives Defendants' motion to dismiss, Defendants may move for summary judgment. Defendants believe it is premature to set a schedule at this time, in light of the pending motion to dismiss.

g.  **Anticipated Discovery and the Scheduling of Discovery, including;**

**(1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

      i. **Plaintiff's position**: Plaintiff served disclosures pursuant to Rule 26(a)(1) on May 23, 2022.

      ii. **Defendants' position**: The parties' initial disclosures pursuant to Rule 26(a)(1) were due on May 20, 2022, pursuant to the Court's April 8 order. *See* ECF 56. Defendants timely served their disclosures. Plaintiffs served their disclosures belatedly.

**(2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

      i. **Plaintiff's position**: Discovery should proceed. Solarmore's claims are not being asserted anywhere else. Defendants admit that they were Solarmore's counsel. Nixon Peabody is a Defendant in multiple cases related to the DC Solar fraud. Nixon Peabody has already collected, reviewed and produced thousands of relevant documents in other cases. Depositions in those related cases already are underway. It will be no burden for Defendant to produce documents to Plaintiff. Further delaying discovery in the present case will prejudice Plaintiff.

      ii. **Defendants' position**: The interests of justice and efficiency would be best served by delaying discovery until after Defendants' motion to dismiss is decided. Where, as here, "a threshold subject matter jurisdictional question is raised by a motion to dismiss, a district court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue." *Comm. for Immigrant Rights of Sonoma Cty. v. Cty. of Sonoma*, No. CV 08-4220 PJH, 2009 WL 10692620, at *2 (N.D. Cal. Apr. 20, 2009). Subjecting Defendants to discovery in a Court that lacks the power to hear this case is not just or appropriate. The Court should resolve the threshold jurisdictional issues at issue in the motion to dismiss, and if the case proceeds, the parties can focus their discovery on

the remaining claims and defenses. Moreover, this case was filed two years ago on August 26, 2020. Since then, Solarmore has done nothing to move the case forward. Assignees have not even attempted to explain why a modest additional delay in discovery would burden them, given the lack of effort to prosecute these claims.

(3) **what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed; and**

  i. **Plaintiff's position**: None.

  ii. **Defendants' position**: Defendants believe it is premature to determine what discovery limitations, if any, should be imposed given that the pending motion to dismiss may implicate the scope of the claims and discovery at issue.

(4) **the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2)**

  i. **Plaintiff's position**: Plaintiff's position is that expert witness disclosures shall be made in accordance with Rule 26(a)(2), 90 days before the trial date, unless the parties stipulate to a different time.

  ii. **Defendants' position**: Defendants believe it is premature to determine the appropriate timing of the disclosure of expert witnesses and information required by Rule 26(a)(2) given that the pending motion to dismiss may implicate the scope of the claims and expert discovery at issue.

h. **Future Proceedings, Including Setting Appropriate Cut-off Dates for Discovery, Law and Motion, and the Scheduling of Pretrial and Trial;**

**Plaintiff's position**: Plaintiff believes the parties should meet and confer to decide the appropriate discovery dates. Plaintiff informed Defendants that they would not agree to stay discovery but that Defendants could write the first draft of the Joint Status Report. Instead, Defendants sent Plaintiff a stipulation that in effect maintained the discovery stay. Plaintiff then drafted the Joint Status Report and sent it to Defendants for their position.

    **Defendants' position**: Defendants were unable to meet and confer with Assignees before filing this Joint Status Report, because Assignees initially agreed to jointly stipulate to extend the deadline for filing this Report, but Assignees reversed position at 8:29 p.m. the night before this Report was due.[2] Defendants have provided their written positions in this Joint Status Report pursuant to the Court's order, but given the short notice provided by Assignees, Defendants were unable to meet and confer with Assignees as required by Rule 26. In any event, Defendants contend that the setting of any case schedule is premature in light of the pending motion to dismiss. Defendants respectfully request the opportunity to submit a revised Rule 26(f) Statement seven days in advance of any Scheduling Conference set by the Court in accordance with Local Rule 240 and Fed. R. Civ. P. 26(f).

i. **Appropriateness of Special Procedures;**

    None.

j. **Estimate of Trial Time;**

    **Plaintiff's position**: Plaintiff proposes that the jury trial in this matter be scheduled for 3 weeks.

    **Defendants' position**: Defendants believe that it is premature to determine the length of trial given that the pending motion to dismiss may implicate the scope of the claims at issue.

k. **Modification of Standard Pretrial Procedures Specified by the Rules Due to the Relative Simplicity or Complexity of the Action or Proceedings;**

    None.

l. **Whether the Case is Related to Any Other Case, Including Any Matters in Bankruptcy;**

---

[2] Assignees' contention that they told Defendants they "could write the first draft of the Joint Status Report" is not supported by the facts. On July 21, Defendants' counsel sent a message to Assignees' counsel stating, "In *Solarmore v. Nixon Peabody*, the parties have a Joint Status Report due on August 4. We propose submitting a stipulation further staying discovery and continuing the deadline for the submission of the report until 30 days after the motion to dismiss is decided. If you agree, we can prepare a stipulation." On July 28, Assignees' counsel responded stating "We dont agree to stay discovery. fine for you to prepare otherwise just give us a little time to review. thanks" Pursuant to that agreement, Defendants sent a draft stipulation continuing the deadline for submission of the Joint Status Report, but not staying discovery. Plaintiffs responded at 8:29 p.m. on August 3, notifying Defendants for the first time that they planned to submit a Joint Status Report, and providing their portion of the Report.

- *Solarmore Management Services, Inc. v. Bankruptcy Estate of DC Solar Solutions, Inc. et al.*, 19-cv-02544 (E.D. Cal.)
- *Solar Eclipse Investment Fund III, et al. v. CohnReznick LLP, et al.* 19STCV4755 (L.A. Super. Filed Dec. 17, 2019)
- *East West Bank, et al. v. Vistra Group Holdings (BVI) limited, et al.*
- *Solar Eclipse Investment Fund III, et al. v. Heritage Bank of Commerce, et al.* FCS055801 (Solano Super. Filed Dec. 15, 2020)
- *Neil Luria, as receiver, et al. v. CohnReznick LLP, et al.*, Case No. 2020-027111-CA-01 (46) (In the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County, Florida)
- *Neil Luria, as receiver, et al. v. T-Mobile USA, Inc.,* 20-cv-24012-GAYLES (S.D. Fla.).
- *Solar Eclipse Investment Fund VII, LLC, et al. v. Don Ahern*, Case No. 2021-027302-CA-01 (47) (In the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida)
- *Alvarez & Marsal Valuation Services, LLC, v. Solar Eclipse Investment Fund III, LLC, et al.*, Index No.: 653123/2021, (Supreme Court of the State of New York, County of New York)
- *Neil Luria, as receiver, et al. v. International Speedway Corporation*, Case No. 2021-024301-CA-01 (46) (In the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida)
- *GEICO Corporation v. Solar Eclipse Investment Fund III, LLC*, Case No. 2020-014247-CA-01 (In the Circuit Court of the Eleventh Judicial Circuit Ina dn For Miami-Dade County, Florida)
- *In re Double Jump, Inc.*, Case No. 19-bk-50102-gs (Bankr. D. Nev.)
- *In re DC Solar Solutions, Inc.*, Case No. 19-bk-50130-gs (Bankr. D. Nev.)
- *In re DC Solar Distribution, Inc.*, Case No. 19-bk-50131-gs (Bankr. D. Nev.)
- *In re DC Solar Freedom, Inc.*, Case No. 19-bk-50135-gs (Bankr. D. Nev.)

- *United States v. Jeff Carpoff*, 20-cr-00017-JAM-1 (E.D. Cal.)
- *United States v. Paulette Carpoff*, 20-cr-00018-JAM-1 (E.D. Cal.)
- *United States v. Ronald Roach*, 19-cr-00182-JAM-1 (E.D. Cal.)
- *United States v. Joseph Bayliss*, 19-cr-00182-JAM-2 (E.D. Cal.)
- *United States v. Robert Karmann*, 19-cr-00222-JAM-1 (E.D. Cal.)
- *United States v. Ryan Guidry*, 20-cr-00003-JAM-1 (E.D. Cal.)
- *United States v. Alan Hansen*, 20-cr-00016-JAM-1 (E.D. Cal)
- *SEC v. Carpoff*, Case No. 20-cv-00180-JAM-AC (E.D. Cal.).

**m. Whether a Settlement Conference Should be Scheduled;**

**Plaintiff's position**: Plaintiff does not believe that a settlement conference would resolve this matter at this time.

**Defendants' position**: Defendants believe that a settlement conference is premature at this time, in light of the pending motion to dismiss.

**n. Any Other Matters that May Add to the Just and Expeditious Disposition of this Matter.**

None.

DATED: August 4, 2022

THOMAS, ALEXANDER, FORRESTER & SORENSEN LLP

By: /s/ Steven W. Thomas

Steven W. Thomas
Emily Alexander
Mark Forrester
Stephen Sorensen
Thomas, Alexander, Forrester & Sorensen LLP
14 27th Avenue
Venice, California 90291
Tel:   (310) 961-2536
Fax:   (310) 526-6852

| | | |
|---|---|---|
| Dated: August 4, 2022 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ Eric H. MacMichael<br>(as authorized on August 4, 2022)<br>ELLIOT R. PETERS<br>ERIC H. MACMICHAEL<br>BENJAMIN D. ROTHSTEIN<br>BAILEY W. HEAPS<br>DEEVA SHAH |
| | | Attorneys for Defendants<br>NIXON PEABODY LLP and<br>FORREST DAVID MILDER |

**CERTIFICATE OF SERVICE**

I, Jose Perez, declare as follows:

I am employed in Los Angeles, CA. I am over the age of eighteen years and not a party to this action. My business address is Thomas, Alexander, Forrester & Sorensen LLP, 14 27th Avenue, Venice, CA 90291. On August 4, 2022, I served the within: **JOINT STATUS REPORT** on the interested parties in this action addressed as follows:

X (BY ELECTRONIC MAIL) By transmitting such document(s) electronically via the Eastern District of California's CM/ECF system, to the persons at the electronic mail addresses listed below.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 4, 2022, in Los Angeles, CA.

            /s/ Jose Perez
            Jose Perez